UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| MARIO TURNER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No.: 13-2217-JBM-DGB |
| | ) |
| | ) |
| UNITED STATES and | ) |
| BRIAN EDWARD KING, | ) |
| | ) |
| Defendants. | ) |

### MERIT REVIEW OPINION

**JOE BILLY MCDADE, U.S. District Judge:**

This cause is before the Court for a merit review, pursuant to 28 U.S.C. § 1915A, of Plaintiff Mario Turner's claims.

### I.
### MERIT REVIEW UNDER 28 U.S.C. § 1915(A)

Under 28 U.S.C. § 1915(e)(2) and § 1915A, the Court is required to carefully screen a complaint filed by a plaintiff who seeks to proceed *in forma pauperis*. The Court must dismiss a complaint, or a portion thereof, if the plaintiff has raised claims that are legally "frivolous or malicious," that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *Id*. The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim for relief if the complaint does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

1

In reviewing the complaint, the Court accepts the factual allegations as true and liberally construes them in plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Conclusory statements and labels are insufficient. Fed. R. Civ. P. 8; *Schatz v. Republican State Leadership Comm.*, 669 F.3d 50, 55 (1st Cir. 2012)(holding that, in order to determine if a complaint states a plausible claim, the court must take non-conclusory, non-speculative facts as true, draw all reasonable inferences in the pleader's favor, and isolate and ignore statements that simply rehash claim elements or offer only legal labels and conclusions). Instead, sufficient facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013)(internal quotation omitted).

## II.
## ANALYSIS

Turner has filed the instant case, pursuant to 42 U.S.C. § 1983, complaining that Defendant the United States violated his Sixth Amendment right in failing to properly investigate the grounds required for a forfeiture action before the Government took possession over (approximately) $11,500.00 in which Turner claims an interest. Turner also alleges that Defendant Brian Edward King, his attorney in the forfeiture action, is liable to him for committing legal malpractice in his actions related to his representation of Turner in the forfeiture action. For the following reasons, this case is dismissed.

As for his claims against the United States, Turner's Sixth Amendment right is one that protects certain rights in criminal proceedings. The Government's forfeiture action is civil in nature, and thus, the Sixth Amendment is inapposite under these circumstances. *United States v. U.S. Coin and Currency*, 401 U.S. 715, 718 (1971)("[T]he Government may also initiate forfeiture proceedings—which are also formally civil in nature—without offending Marchetti and Grosso."). In any event, Turner can claim no constitutional violation based upon the

Government's failure to investigate a matter to his liking. *Omar v. Hendley*, 1998 WL 59506, * 2 (N.D. Ill. Feb. 9, 1988)("Omar's allegations that the Waukegan police failed to properly investigate witness statements which would have supported his self-defense theory also fail to state a claim under § 1983."). Accordingly, Turner's Complaint fails to state a cause of action upon which relief can be granted against the United States.

Likewise, Turner's Complaint fails to state a cause of action against Defendant King. If an attorney commits legal malpractice in a federal lawsuit, the plaintiff's remedy lies in a state court legal malpractice claim, not with the federal courts. *Young v. Public Defender Office*, 2007 WL 3037238, * 3 (C.D. Ill. Oct. 16, 2007). In other words, there is no federal legal malpractice cause of action. *Bolin v. Lohorn*, 2007 WL 1109068, * 1 (N.D. Ind. Apr. 11, 2007).

Therefore, to the extent that Turner possesses a state law cause of action against King, the Court declines to exercise supplemental jurisdiction over that claim. The Seventh Circuit has explained that, generally, district courts should dismiss, without prejudice, supplemental state law claims once all of the federal claims have been dismissed. *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999). Although exceptions to this general proposition exist, *Wright v. Associated Ins. Cos., Inc.*, 29 F.3d 1244, 1251 (7th Cir. 1994)(setting forth the exceptions), none of those exceptions is relevant here. Accordingly, the Court dismisses Turner's supplemental state law claim without prejudice.

**IT IS, THEREFORE, ORDERED that:**

1. Plaintiff Marion Turner's Complaint is dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A. Any further amendment to the Complaint would be futile because Plaintiff's claim is not cognizable.

2. This dismissal shall count as one of Turner's three allotted "strikes" pursuant to 28 U.S.C. § 1915(g).

3. If Turner wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues he plans to present on appeal. Fed. R. App. P. 24(a)(1)(C). If Turner does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

4. **This case is, therefore, closed, and the clerk is directed to enter a judgment pursuant to Federal Rule of Civil Procedure 58. The Clerk of the Court is directed to record Plaintiff's strike in the three-strike log. All pending motions are DENIED as moot.**

Entered this 18th day of December 2013.

                                                 /s Joe Billy McDade
                                                 JOE BILLY MCDADE
                                          UNITED STATES DISTRICT JUDGE